IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROCHELLE COLEMAN,

        Plaintiff,        Civil Action No.
                                5:16-CV-0837 (MAD/DEP)

  v.

DAVID SUTKOWY, *et al.*,

        Defendants.

---

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

ROCHELLE COLEMAN, *Pro Se*
231 Lilac Street
Syracuse, NY 13208

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Rochelle Coleman has filed as one action two civil rights complaints against the Onondaga County Commissioner of Child and Family Services, the Onondaga County Comptroller, and the New York State Comptroller. Dkt. Nos. 1, 1-1. The complaints are purportedly brought pursuant to two different civil rights statutes, including (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, Dkt. No. 1; and (2) 42 U.S.C. § 1983 ("section 1983"), Dkt. No. 1-1. Plaintiff has also requested leave to proceed *in forma pauperis* ("IFP") and filed two motions for appointment of counsel. Dkt. Nos. 2, 3, 5. For the following reasons, I will grant plaintiff's IFP application for filing purposes, but will deny plaintiff's motions for appointment of counsel and recommend dismissal of the entire action with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

I. BACKGROUND

Plaintiff commenced this action on July 8, 2016. Dkt. No. 1.[1] Accompanying her complaint was an application for leave to proceed IFP. Dkt. No. 2. Both of plaintiff's complaints relate to defendants' alleged role in "welfare fraud" and "stolen" social security benefits suffered by plaintiff. *See generally* Dkt. Nos. 1, 1-1.

In her Title VII complaint, plaintiff asserts a claim for discrimination on the basis of her race, national origin, income, disability, and education. Dkt. No. 1 at 2. In support of that claim, she alleges that defendants ignored her reports to them of "county workers" and her attorneys engaging in "fraud" and "stealing benefits" from her. *Id.* at 3. Plaintiff claims that she experienced "retaliation" and a denial of "services" in a manner not clearly discernible. *Id.* at 4. As relief, plaintiff seeks the restoration of her benefits,

---

[1] On the same date, plaintiff brought four other actions, each involving multiple complaints and filed with accompanying requests for leave to proceed IFP. *Coleman v. Engle*, No. 16-CV-0833 (N.D.N.Y. filed July 8, 2016) (challenging the handling of her family's public assistance benefits, including charges of errors, fraud, and theft of benefits by Onondaga County Social Services workers); *Coleman v. Detter*, No. 16-CV-0834 (N.D.N.Y. filed July 8, 2016) (suing attorneys involved in a Family Court child protective proceeding involving plaintiff and her children); *Coleman v. Syracuse Police Dep't*, No. 16-CV-0836 (N.D.N.Y. filed July 8, 2016) (suing the Syracuse Police Department and 911 call operators regarding the handling of complaints made by plaintiff); *Coleman v. Sutkowsky*, No. 16-CV-0838 (N.D.N.Y. July 8, 2016) (claiming that plaintiff's attorneys stole her benefits, overcharged their legal fees, and improperly reported her benefits). Plaintiff additionally initiated two previous lawsuits, also involving multiple complaints, on June 22, 2016. *Coleman v. Levandowski*, No. 16-CV-0734 (N.D.N.Y. filed June 22, 2016) (suing Onondaga County social workers involved in child protective proceeding involving plaintiff and her children); *Coleman v. Hanuszczak*, No. 16-CV-0735 (N.D.N.Y. filed June 22, 2016) (complaining that the defendant, a Family Court Judge, violated her constitutional rights in connection with a child protective proceeding).

and requests that those involved in the alleged fraud be "fire[d], arrest[ed], [and] charge[d]." *Id.* at 5.

In her section 1983 complaint, plaintiff alleges that defendants "fail[ed] to investigate th[e] fraud and crimes [she] reported and yelled at [her] for calling/emailing his boss the State Comptroller." Dkt. No. 1-1 at 2. Plaintiff further contends that defendants ignored her reports to them of "agency directors" committing "crimes" and retaliated against her. *Id.* at 3. Plaintiff asserts three causes of action based on these allegations. *Id.* Although she does not identify the applicable constitutional amendment that gives rise to her claims, I have liberally construed her complaint as attempting to assert a claim for retaliation in violation of the First Amendment. *Id.* at 3. Plaintiff seeks damages in the amount of three million dollars and "answers to why these overseers ignored [her] fraud cases." *Id.* at 4.

II.　DISCUSSION

　　A.　Application to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that she is unable to pay the required filing fee.[2] 28

---

[2]　　The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367

4

U.S.C. § 1915(a)(1). In this instance, having reviewed plaintiff's IFP application, which includes a statement from plaintiff that she is unable to pay the filing fee and a summary of her assets, I conclude that she is eligible for IFP status. *See* 28 U.S.C. § 1915(a)(1); *see also Coleman v. Syracuse Police Department*, 16-CV-0836, Dkt. No. 5 (N.D.N.Y. July 22, 2016) (Dancks, M.J.) (granting this plaintiff's application to proceed IFP); *Coleman v. Levandowski*, 16-CV-0734, Dkt. No. 5 (N.D.N.Y. June 28, 2016) (Baxter, M.J.) (same). Her application for leave to proceed IFP is therefore granted.

  B. Sufficiency of Plaintiff's Complaint

    1. Standard of Review

Having granted plaintiff's request for leave to proceed IFP, I must now review the sufficiency of the allegations set forth in her complaints to determine whether dismissal *sua sponte* is warranted, pursuant to 28 U.S.C. § 1915(e)(2)(B). That section directs that when a plaintiff seeks to proceed IFP, the court

> shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim a court must

---

(Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed.[3] *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the

---

[3] "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.'" *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D. D.C. 1977)) (italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

#### a. Title VII

Plaintiff drafted her Title VII claims on a form complaint designed for use in pleading claims related to employment discrimination. *See generally* Dkt. No. 1. Plaintiff, however, does not allege employment discrimination in this action. Rather, on the form complaint, she has selected sections that suggest defendants discriminated against her by failing to investigate her complaints of fraud based on her race, income, education, national origin, and disability. *Id.* at 2. These allegations do not state an employment discrimination (or retaliation) claim under Title VII. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005) (reciting the elements of a Title VII discrimination claim); *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (reciting the elements of a Title VII retaliation claim).

In any event, a Title VII action may not be brought against individuals. *See Sassaman v. Gamache*, 566 F.3d 307, 315-16 (2d Cir. 2009)). In addition, Title VII requires that a plaintiff receive a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") showing that she exhausted her administrative remedies before commencing an action under that provision. 42 U.S.C. § 2000e-5(f)(1); *see also Hodge v. N.Y. Coll. of*

*Podiatric Medicine*, 157 F.3d 164, 168 (2d Cir. 1998) ("Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court."). Plaintiff has not attached an EEOC right-to-sue letter to her complaint, nor has she alleged in her complaint that this jurisdictional requirement has been satisfied. Her Title VII claims are therefore subject to dismissal on these additional bases, as well.

For all of these reasons, I recommend that plaintiff's Title VII complaint be dismissed.

        b.     Section 1983

Plaintiff's section 1983 claims are asserted against two Onondaga County employees and a New York State official based on their alleged failures to respond to her complaints regarding alleged criminal activity committed by unidentified individuals related to her social security benefits. *See generally* Dkt. No. 1-1. I have liberally construed the allegations in plaintiff's section 1983 complaint as attempting to assert a claim for retaliation based on failing to respond to plaintiff's complaints about criminal activity. Plaintiff has not alleged that any of the defendants were personally involved in the alleged acts of fraud, or were somehow responsible for the administration of plaintiff's social security benefits or decision awarding these benefits such that plaintiff's complaint could be liberally construed as asserting some other constitutional claim. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to

establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation."); *see also Hernandez v. Keane*, 341 F.3d 137, 144-45 (2d Cir. 2003).

A cognizable section 1983 retaliation claim lies when state actors take adverse action against an individual, and the action is motivated by that individual's exercise of a constitutional right, including the free speech provisions of the First Amendment. *See Friedl v. City of N.Y.*, 210 F.3d 79, 85 (2d Cir. 2000) ("In general, a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws."). To state a cognizable section 1983 claim for retaliatory conduct, a plaintiff must allege facts plausibly suggesting that (1) she engaged in protected conduct; (2) the defendants took adverse action against her; and (3) there was a causal connection between the protected activity and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the government official's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977); *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007); *Garrett v. Reynolds*, No. 99-CV-2065, 2003 WL 22299359, at *4 (N.D.N.Y. Oct. 3, 2003) (Sharpe, M.J.).

In this case, liberally construed, plaintiff has alleged that defendants received her complaints that she was the victim of welfare fraud, and did not take action to address these complaints. Dkt. No. 1-1 at 2. As a private citizen, plaintiff has no constitutionally cognizable right to insist on a criminal investigation against unidentified "agency directors." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding plaintiff-mother lacked standing to maintain legal action seeking to require state officials to prosecute father of plaintiff's child to obtain child-support order because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Thus, the alleged refusal to address plaintiff's complaints does not constitute "adverse action." *See Porter v. Goord*, No. 04-CV-0485, 2009 WL 2180580, at *7 (W.D.N.Y. July 22, 2009) ("[E]ven assuming, arguendo, that Defendants failed to commence a criminal investigation into the alleged unlawful violations of Plaintiff's civil rights to retaliate against Plaintiff for complaining about Defendants' alleged unlawful actions on July 5, 2002, such failure does not constitute adverse action by Defendants."); *Islam v. Goord*, No. 05-CV-7502, 2006 WL 2819651, at *5 (S.D.N.Y. Sept. 26, 2006) (holding that the allegation that the defendant conducted an inadequate investigation of the plaintiff's complaint failed to meet the "adverse action" requirement). Plaintiff has also failed to allege facts plausibly suggesting that the defendants refused to investigate her complaints, and that the refusal was caused by her filing of complaints.

Indeed, plaintiff has not alleged any change in circumstances whatsoever as a result of her complaints to the defendants or that she did not obtain the relief she desired because she filed complaints against the defendants. *See, e.g., Turner v. Sidorowicz*, No. 12-CV-7048, 2014 WL 641454, *11 (S.D.N.Y. Feb. 18, 2014) (dismissing retaliation claim based on allegation that, after plaintiff "filed a grievance in June 2009 concerning the discontinuation of his tramadol prescription, Dr. Sidorowicz retaliated against him by failing to restore Plaintiff's medication in July 2009" because "there was no change in behavior after the grievance" such that "it [was] impossible to show that the failure to reinstate Plaintiff's medication was a result of his grievance").

Accordingly, I find that plaintiff has failed to state a claim upon which relief may be granted under section 1983, and therefore recommend the dismissal of plaintiff's section 1983 claims, as well.

C. Opportunity to Amend

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003

(E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. As discussed above, there exists no possible basis for plaintiff's actions to proceed against the defendants, who cannot be sued individually under Title VII and cannot be sued under the First Amendment for failing to investigate and address plaintiff's complaints. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile, I

recommend against granting her leave to amend.

### D. Motions for Appointment of Counsel

In addition to requesting leave to proceed *IFP*, plaintiff has filed two motions for appointment of counsel. Dkt. Nos. 3, 5. Her first motion includes a statement that she contacted Hiscock Legal Aid Society and "SU Law Clinic" seeking representation in the action. Dkt. No. 3. Her second motion contains a statement that she contacted the "SU Law Clinic" and was told to "call back 9/2016" and that "Legal Aid" denied her request for a lawyer. Dkt. No. 5 at 1. Attached to her second motion are letters from the Central New York Legal HelpLine and Legal Services of Central New York addressed to plaintiff several months before she commenced this action. *Id.*

Even if the court were not recommending dismissal of plaintiff's complaint with prejudice, a more fully developed record would be necessary before a meaningful assessment could be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (instructing that courts must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, plaintiff's motions for appointment of counsel are denied without prejudice. Should the assigned district judge reject my recommendation and allow one or both of plaintiff's claims to proceed, plaintiff will be permitted to make a subsequent motion for appointment of counsel.

III. **SUMMARY AND RECOMMENDATION**

A review of plaintiff's application for leave to proceed IFP in this action reflects that she is eligible for IFP status, and therefore the motion is granted. A review of her complaints, however, reveals that they fail to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further

ORDERED that plaintiff's motions for appointment of counsel (Dkt. Nos. 3, 5) are DENIED without prejudice; and it is further respectfully

RECOMMENDED that all of plaintiff's claims in this action be DISMISSED without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this order, report, and recommendation upon the parties in accordance with this court's local rules.

Dated: August 9, 2016
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge