**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROCHELLE COLEMAN,**

                    **Plaintiff,**

    vs.                                            **5:16-cv-00837
(MAD/DEP)**

**DAVID SUTKOWY; ROBERT E.
ANTONACCI; THOMAS P. DiNAPOLI,**

                    **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**ROCHELLE COLEMAN**
231 Lilac Street
Syracuse, New York 13208
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On July 8, 2016, *pro se* Plaintiff Rochelle Coleman ("Plaintiff") filed two separate complaints as one action against David Sutkowy, Robert E. Antonacci, and Thomas P. DiNapoli (collectively, "Defendants"). *See* Dkt. Nos. 1, 1-1. The complaints were brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1983 ("Section 1983"). *See id.* Plaintiff also filed a motion to proceed *in forma pauperis* and two motions for appointment of counsel. *See* Dkt. Nos. 2, 3, 5.

In an August 10, 2016 Report, Recommendation and Order, Magistrate Judge David E. Peebles recommended that the entire action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *See* Dkt. No. 8 at 2. Plaintiff has not filed any objections to the Report, Recommendation and Order.

In Plaintiff's Title VII complaint, she alleges that she was discriminated against based on her race, national origin, income, education, and disability. *See* Dkt. No. 1 at 2. Plaintiff claims that Defendants ignored her report that "county workers" were "stealing benefits" from her. *See id.* at 3. Plaintiff claims that she was retaliated against and "denied aid or services." *See id.* at 4. In her Section 1983 complaint, Plaintiff alleges that Defendants failed to investigate the fraud and crimes that she reported. *See* Dkt. No. 1-1 at 2. She claims that she "report[ed] crimes to the agency directors and they ignored [her]." *Id.* at 3. Magistrate Judge Peebles liberally construed Plaintiff's Section 1983 claim as one for retaliation in violation of the First Amendment. *See* Dkt. No. 8 at 4.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Plaintiff has not filed objections in this case.

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

2

further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Massie v. Ikon Office Solutions, Inc.*, 381 F. Supp. 2d 91, 94 (N.D.N.Y. 2005) (quoting *Clarke v. Bank of New York*, 687 F. Supp. 863, 871 (S.D.N.Y. 1988)).

Magistrate Judge Peebles recommended that Plaintiff's Title VII claim be dismissed with prejudice. Magistrate Judge Peebles noted that Plaintiff does not allege employment discrimination in this action. *See* Dkt. No. 8 at 8. Moreover, Magistrate Judge Peebles noted that Title VII actions cannot be brought against individuals, and that Plaintiff did not receive a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") showing that she exhausted administrative remedies before commencing an action. *See id.*

The Court agrees with Magistrate Judge Peebles that Plaintiff's Title VII claim should be dismissed. Plaintiff does not allege employment discrimination in her complaint. *See* Dkt. No. 1. It appears that Plaintiff alleges that she was discriminated against by Defendants failing to investigate her claims of fraud. *See id.* at 3. These allegations do not state a claim under Title VII. *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004) (discussing the elements of Title VII discrimination and retaliation claims). Moreover, a Title VII action may not be brought against individuals. *See Sassaman v. Gamache*, 566 F.3d 307 (2d Cir. 2009) ("individuals are not subject to liability under Title VII") (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)). Since all Defendants are individuals, Plaintiff cannot state a claim against them under Title VII. Finally, Magistrate Judge Peebles correctly concluded that, since Plaintiff did not receive a right-to-sue letter from the EEOC, she has not exhausted her administrative remedies before commencing this action. *See* 42 U.S.C. § 2000e-5(f)(1). Accordingly, Plaintiff's Title VII claim is dismissed.

Magistrate Judge Peebles also recommended that Plaintiff's Section 1983 claim be dismissed. Magistrate Judge Peebles liberally construed this claim as one for retaliation based on Defendants' alleged failure to respond to Plaintiff's complaint of criminal activity. *See* Dkt. No. 8 at 9. Magistrate Judge Peebles concluded that Plaintiff failed to allege that Defendants took adverse action against her, which is an essential element of a First Amendment retaliation claim.

The Court agrees that Plaintiff's Section 1983 claim should be dismissed. To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001)).

4

Defendants' alleged failure to investigate Plaintiff's complaints of criminal activity cannot be considered "adverse action" against her. *See Porter v. Goord*, No. 04-CV-0485, 2009 WL 2180580, \*7 (W.D.N.Y. July 22, 2009) ("[E]ven assuming, *arguendo*, that Defendants failed to commence a criminal investigation into the alleged unlawful violations of Plaintiff's civil rights to retaliate against Plaintiff for complaining about Defendants' alleged unlawful actions . . . such failure does not constitute adverse action by Defendants, and, as such, cannot support a First Amendment retaliation claim"). Plaintiff has also failed to plead facts that plausibly suggest that Defendants refused to investigate Plaintiff's complaints. Moreover, as Magistrate Judge Peebles noted, there is no indication that Plaintiff's circumstances changed as a result of her complaints. *See* Dkt. No. 8 at 12. Accordingly, Plaintiff's First Amendment retaliation claim is dismissed.

As Magistrate Judge Peebles also noted, the Court should generally grant leave to amend a complaint at least once. However, "such leave is not required when amendment would be futile." *Bridgeforth v. U.S. Navy Recruitment Office*, No. 1:11-CV-431, 2011 WL 5881778, \*2 (N.D.N.Y. Nov. 23, 2011) (citing *In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 650 F.3d 167, 188 (2d Cir. 2011)). Here, Magistrate Judge Peebles correctly concluded that granting leave to amend would be futile. There is no possible basis for Plaintiff's claims under Title VII since Defendants are all individuals. Moreover, Plaintiff cannot state a claim under Section 1983 because Defendants' alleged failure to investigate Plaintiff's complaints of fraud cannot be considered adverse action. As such, Plaintiff's claims are dismissed with prejudice.

After carefully reviewing Plaintiff's submissions, Magistrate Judge Peebles's August 10, 2016 Report, Recommendation and Order and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's August 10, 2016 Report, Recommendation and Order (Dkt. No. 8) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaints (Dkt. Nos. 1, 1-1) are **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 28, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge